## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID JAIRO VALLE,

        Plaintiff,

v.                               Case No:   2:14-cv-626-FtM-29CM

GARYLEE MCDERMED and
MIKE SCOTT,

        Defendants.

_____

## ORDER

Before the Court is Plaintiff's Third Motion for Extension of Deadline for Motions to Add Parties or Amend Pleadings (Doc. 36), filed on July 1, 2015; Defendants' Response to Plaintiff's Third Motion for Extension of Deadline for Motions to Add Parties or Amend Pleadings (Doc. 38), filed on July 14, 2015; and Plaintiff's Updated Motion for Leave to File Reply to Defendants' Response to Plaintiff's Third Motion for Extension of Deadline to Add Parties/Amend Pleadings (Doc. 40), filed on July 17, 2015.[1]   For the reasons that follow, the Court will extend the deadline and accept Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 37) as timely filed.

---

[1] The motion is updated with a Local Rule 3.01(g) certification that states the motion is opposed.   Plaintiff's Motion for Leave to File Reply to Defendants' Response to Plaintiff's Third Motion for Extension of Deadline to Add Parties/Amend Pleadings (Doc. 39), filed on July 16, 2015, states that counsel attempted to contact opposing counsel, but he was unavailable.   In light of the updated filing, Plaintiff's original motion for leave to reply (Doc. 39) will be denied as moot.

Plaintiff seeks a ten (10) day extension of the deadline for filing motions to add parties or amend pleadings and in support states that counsel has just completed depositions and requires additional time to review discovery materials and identify information pertinent to seeking leave to file a second amended complaint.   Doc. 36. The current deadline to add parties or amend pleadings is July 1, 2015; accordingly, Plaintiff seeks an extension up to and including July 11, 2015.   *See* Doc. 33.   The genesis of Defendants' opposition is that Defendants and any newly added parties would be prejudiced by the short period of time, only about two months, during which a new party could conduct discovery, disclose expert reports and complete mediation. Doc. 38 at 2.   Defendants also assert that Plaintiff "fails to identify by name, category, or general description any new Defendant to be added or any amendment to the pleadings to be made," and as of July 14, the date Defendants filed their opposition, no motion to amend had yet been filed.   *Id.*

The Court may extend any deadline for good cause.   Fed. R. Civ. P. 6(b)(1). Plaintiff initially filed this action naming the Lee County Sheriff's Office ("LCSO"), Garylee McDermed and John Doe 1 as Defendants alleging violations of 42 U.S.C. § 1983 and claims for false imprisonment and battery.   Doc. 1.   Plaintiff subsequently filed an Amended Complaint naming Mike Scott, as Sheriff of Lee County, as a Defendant instead of LCSO, and again naming Garylee McDermed and Doe 1.   Doc. 14.   In each complaint, Plaintiff identifies another officer involved in the actions giving rise to the allegations only as a John Doe Defendant.

Plaintiff previously filed two motions to extend the deadline for motions to add parties or amend pleadings, asserting that additional discovery was necessary to learn the identities of the remaining Defendants.   Docs. 28, 30.   The Court determined that good cause existed and extended the deadline.   Docs. 29, 32.   Now, Plaintiff asserts that the discovery necessary to identify the remaining defendants recently was completed, but an additional extension is necessary to review that discovery to discern their identities.   Thus, it is not surprising that Plaintiff's motion for extension does not identify any new parties.

Defendants' argument that no motion had been filed upon expiration of even the requested extended deadline warrants some discussion.   First, the Court notes that July 11, 2015, ten days from the current deadline, fell on a Saturday; and therefore Plaintiff would have been permitted until the following Monday, July 13, during which to file a motion to amend had an extension been granted.   That said, a motion seeking leave to amend was not timely filed, within even the requested period, and Defendants' argument therefore is somewhat well-taken.[2]   Defendant's other arguments, however, are better suited for opposition to a motion for leave to amend, not a motion for extension of time.

Although Defendant is correct that an extension of the deadline to add parties or amend pleadings will shorten the period during which any newly added parties can conduct discovery and mediation, the Court finds that the brief extension

---

[2] The same day Defendants filed their opposition, however, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which remains pending.   Doc. 37.

requested by Plaintiff is not so inherently prejudicial that it should be denied on that basis.   Moreover, merely because the deadline for filing a motion for leave to amend is extended does not mean that Plaintiff's motion for leave to amend will be granted and Plaintiff will be permitted to file an amended complaint; whether amendment is warranted requires an analysis separate from that to determine whether to extend the deadline.

The Amended Case Management and Scheduling Order, the operative scheduling order in this case, was entered on June 10, 2015.   Doc. 33.   Although the deadlines to disclose expert reports are imminent, the discovery and mediation deadlines do not occur until October 1, 201;, and this matter is not set for trial until the March 1, 2016 trial term.   *Id.*   At this point, extending the deadline for motions to amend and accepting Plaintiff's motion as timely filed, standing alone, do not require an adjustment to the schedule or substantially prejudice the current named Defendants.   Plaintiff's motion for extension therefore will be granted.

The parties also should be aware, however, that the Local Rule 3.01(g) certifications included with many of the recently-filed motions, stating merely that counsel have attempted to confer but opposing counsel was unavailable, are insufficient to satisfy their obligation to confer.   Going forward, such motions shall be denied or stricken without review for failure to properly confer and state whether the motion is opposed, as required by the Local Rules.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Third Motion for Extension of Deadline for Motions to Add Parties or Amend Pleadings (Doc. 36) is **GRANTED** *nunc pro tunc*.   The deadline for filing motions to add parties or amend pleadings is extended to **July 14, 2015**.   All other deadlines set forth in the Amended Case Management and Scheduling Order (Doc. 33) remain in effect.

2.      The Court will accept as timely filed Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 37).   Defendant should file a response to the motion within the time ordinarily permitted by the Federal and Local Rules.

3.      Plaintiff's Updated Motion for Leave to File Reply to Defendants' Response to Plaintiff's Third Motion for Extension of Deadline to Add Parties/Amend Pleadings (Doc. 40) is **DENIED as moot**.

4.      Plaintiff's Motion for Leave to File Reply to Defendants' Response to Plaintiff's Third Motion for Extension of Deadline to Add Parties/Amend Pleadings (Doc. 39) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of July, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record