## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID JAIRO VALLE,

        Plaintiff,

v.                                   Case No:  2:14-cv-626-FtM-29CM

GARYLEE MCDERMED and
MIKE SCOTT,

        Defendants.

_____

### REPORT AND RECOMMENDATION[1]

      Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 37), filed on July 14, 2015, and Defendants Mike Scott and Garylee McDermed's Response to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 42), filed on July 28, 2015.   Plaintiff seeks to amend the operative complaint to add two Defendants, Mike Tamulionis and Vincent Amoroso; remove Defendant McDermed; and add two additional counts against Defendant Mike Scott. Doc. 37 at 1.   Defendants oppose the amendment, and assert that leave should be denied where, as here, amendment would be futile.   For the reasons that follow, the Court recommends that Plaintiff's motion be granted in part and denied in part.

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

## I.    Background

Plaintiff initiated this action by filing a seven count complaint on October 27, 2014 alleging violations of 42 U.S.C. § 1983, 28 U.S.C. § 1343 and Florida law against Defendants McDermed and Scott, and a John Doe Defendant.   Doc. 1.   Specifically, Plaintiff brought claims for violations of his civil rights against Defendant McDermed (Count I); civil rights against Doe 1 (Count II); negligence against the Lee County Sheriff's Office ("LCSO") (Count III); false imprisonment against LCSO (Count IV); and battery against LCSO (Count VII).   *Id.*   Defendants moved to dismiss Plaintiff's complaint on November 20, 2014, but that motion was denied as moot in light of the filing of Plaintiff's Amended Complaint.   Docs. 11, 14, 16.

Plaintiff's Amended Complaint (Doc. 14), filed on November 26, 2014, named as Defendants Mike Scott, as Sheriff of Lee County, Florida; Garylee McDermed; and Doe 1.   Doc. 14.   Plaintiff again asserted claims for violations of his civil rights against Defendant McDermed (Count I) and Doe 1 (Count II); and negligence (Count III), false imprisonment (Count VI) and battery (Count VII) against Defendant Scott.[2] *Id.*   Defendants again moved to dismiss the Amended Complaint.   Doc. 15. Defendants also filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint, denying the allegations and asserting that Defendants are entitled to qualified and/or sovereign immunity.   Doc. 17.   While the motion to dismiss was pending, Plaintiff voluntarily dismissed his claims against Defendant Doe 1.   Doc.

---

[2] The Amended Complaint does not feature counts numbered IV or VI.   *See* Doc. 14.

22.   The Court granted Defendants' motion to dismiss based upon Plaintiff's voluntary dismissal of Doe 1.   Doc. 23.

Plaintiff thereafter moved for three extensions of the deadline to add parties or amend pleadings because he needed additional time to discover the identities and other information regarding the remaining defendants, which were granted.   Docs. 28, 29, 30, 32, 36, 41.   Defendants did not oppose the first two extensions, but filed a response in opposition to the third request.   Doc. 38.   Upon granting Plaintiff's third request *nunc pro tunc*, Court accepted Plaintiff's Motion for Leave to File Second Amended Complaint as timely filed.   Doc. 41.   The parties subsequently attended mediation on August 19, 2015, but reached an impasse.   Doc. 43.

## II.   Discussion

Rule 15, Federal Rules of Civil Procedure, provides that for amendments not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   Although leave to amend shall be freely given, a motion to amend may be denied on numerous grounds such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."   *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003);

*Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman*, 371 U.S. at 182).

If a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

a. *Fifth Amendment claims*

Defendants first assert that leave to amend should be denied because amendment would be futile. Specifically, Defendants argue that Counts I and II of Plaintiff's proposed second amended complaint are "futile in that the Fifth Amendment restrains only the federal government from denying an individual due process of law" and "[b]ecause Plaintiff alleges that he was a pretrial detainee, the Fifth Amendment does not apply and the proposed Second Amended Complaint would be futile." Doc. 42 at 2.

Counts I and II of the proposed Second Amended Complaint allege that proposed Defendants Tamulionis and Amoroso, respectively, "denied Plaintiff the rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution."  Doc. 37-1 at 6, 7.  "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause . . . ."  *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996); *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994) ("[T]he conditions under which a pretrial detainee is confined are scrutinized under the Due Process clauses of the Fifth and Fourteenth Amendments."); *Rivas v. Figueroa*, No. 11-23195-CIV, 2011 WL 5084654, at *3 (S.D. Fla. Oct. 26, 2011) ("While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth Amendment.") (citing *Cottrell*, 85 F.3d at 1490).  "The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law." *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989).

Here, in his proposed Counts I and II, Plaintiff alleges civil rights violations by Tamulionis and Amoroso, LCSO employees.  He has not alleged violations by any federal employees, or the federal government.  Accordingly, the Fifth Amendment does not apply.  Thus, to the extent that Plaintiff seeks to bring claims against Defendants Tamulionis and Amoroso in Counts I and II pursuant to the Fifth Amendment to the United States Constitution, leave to amend should be denied.  In

all other respects, leave to amend to include these Defendants, who Plaintiff contends are the proper Defendants, should be granted, and Plaintiff permitted to file an amended complaint naming Mike Tamulionis and Vincent Amoroso as Defendants in this action.

b. *Negligent hiring, retention and supervision claim*

Plaintiff also seeks leave to add a claim against Defendant Scott for negligent hiring, retention and supervision by virtue of his position as the Sheriff of Lee County (proposed Count VI).   Doc. 37-1 at 9-10.   Plaintiff alleges that proposed Defendants Tamulionis and Amoroso and others "were incompetent in the performance of their respective jobs and responsibilities within the course and scope of their employment with the Lee County Sheriff and/or their positions at the Lee County Jail and/or otherwise had negligent dispositions in the performance of their jobs and responsibilities."   Doc. 37-1 at 9.   Plaintiff further alleges that Defendant Scott knew or reasonably should have known of these negligent dispositions; of facts that would have led prudent sheriffs and agencies to investigate their competence and negligence throughout the hiring and training processes; that the failure to investigate further was likely or substantially certain to lead to the unlawful detention and incarceration of Plaintiff; and of Defendants Tamulionis' and Amoroso's propensity to act negligently or recklessly.   *Id.* at 9-10.

This Court previously has explained that

> [n]egligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions

> such as investigation, discharge, or reassignment.   [T]he
> alleged acts by employees giving rise to liability for
> negligent supervision must occur outside the employees'
> scope of employment.

*Daley v. Scott*, No. 2:15-cv-269-FtM-29DNF, 2015 WL 4999215, at *4 (M.D. Fla. Aug.

19, 2015) (alteration in original) (citations and quotation marks omitted); *see also*

*Johnson v. Scott*, No. 2:13-cv-500-FtM-38UAM, 2013 WL 5928931, at *5 (M.D. Fla.

Nov. 1, 2013) ("A negligent hiring, retention, or supervision claim is allowed against

an employer for acts of an employee committed outside the scope and course of

employment.").   Thus, as Defendants correctly contend, Plaintiff must allege that

the subject employees – here, Tamulionis and Amoroso – were acting outside the

scope of their employment at the time they committed the acts giving rise to Plaintiff's

claims.   Doc. 42 at 3-4.

Instead, Plaintiff's proposed second amended complaint states, in pertinent

part, "Defendant SCOTT'S employees who detained Plaintiff as described above were

acting *within the scope and function of their employment*, and under color of state

law."   Doc. 37-1 at 5 ¶ 22 (emphasis added).   Accordingly, because the proposed

second amended complaint specifically alleges the conduct occurred during and

within their employment, and in order to state a claim for negligent hiring, retention

and supervision, Plaintiff must allege the employees' conduct giving rise to the claim

occurred *outside* the scope of their employment, Plaintiff has failed to state a claim

for negligent hiring, retention and supervision, and the proposed amendment would

be futile in this respect.   The undersigned therefore recommends that leave to amend

be denied as to the proposed Count VI.

### c.  *Failure to train or maintain policies claim*

Finally, Plaintiff seeks to add a claim for failure to train or maintain policies against Defendant Scott.   Doc. 37-1 at 10-11.   Plaintiff asserts that at all times relevant to this action, Defendant Scott was responsible for the administration, operation and supervision of the Lee County Jail and for promulgating rules, regulations, policies, customs and practices, while acting under color of law.   *Id.* at 11.   Defendants contend that Plaintiff has failed to properly state a claim for failure to train or maintain policies, because Defendant Scott is entitled to sovereign immunity for decisions regarding the training of law enforcement and corrections officers, as those decisions constitute discretionary functions.   Doc. 42 at 4-5.

As this Court previously has recognized, "[a] successful negligent training claim demonstrates there was a failure to exercise a duty of care causing an injury and establishes that the training program did not involve a discretionary function." *Johnson*, 2013 WL 5928931, at *6 (citing *Wynn v. City of Lakeland*, 727 F.Supp.2d 1309, 1316 (M.D. Fla. 2010)).   "A discretionary function occurs, under Florida law, when 'the governmental act in question involved an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning.'"   *Wynn*, 727 F.Supp.2d at 1318 (quoting *Henderson v. Bowden*, 737 So.2d 532, 538 (Fla. 1999)). Determining how policies and procedures will be implemented, however, constitutes an "operational function" rather than a discretionary one.   *Wynn*, 727 F.Supp.2d at 1318.   Thus, the Court must determine whether Plaintiff's claims involve

discretionary or operational functions.   Put another way, "in determining whether the [defendant] is immune from tort liability, the court must examine 'whether the challenged actions are nonetheless acts which required the exercise of basic governmental discretion, as opposed to the implementation of an already established policy.'"   *Id.* (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001)).

Plaintiff's proposed claim for failure to train or maintain policies (Count VII) asserts that at all times relevant to this action, Defendant Scott "failed and/or refused to adequately train and/or supervise his deputies, officers, and employees or maintain a policy regarding confirmation of identity and release of persons detained on outstanding warrants on detainees in the custody of Lee County at the Lee County Jail, including Plaintiff."   Doc. 37-1 at 11.   Thus, Plaintiff's claim for failure to train or maintain policies therefore relates, at least in part, to the content of LCSO's training program, which is discretionary.   *See Wynn*, 727 F.Supp.2d at 1319 ("[A] challenge to a municipality's policy decisions regarding what to include in the training of its police officers falls under the 'discretionary function' exception to the waiver of sovereign immunity.") (citing *Lewis*, 260 F.3d at 1266).   Where, as here, claims challenge discretionary acts, they are barred by the doctrine of sovereign immunity.   *Johnson*, 2013 WL 5928931, at *6.   Therefore, to the extent that Plaintiff seeks to add a claim against Defendant Scott for failure to train, the motion for leave to amend should be denied as futile.

To the extent, however, that Plaintiff attempts to assert a claim related to the implementation of a training program, this involves an operational act and therefore is not barred by sovereign immunity.  *See id.* ("Thus, to the extent Plaintiff's claim regards the implementation of the training program, sovereign immunity does not bar the claim.").   As stated, it is unclear whether and to what extent Plaintiff asserts an implementation claim.   Therefore, Plaintiff should be permitted to replead Count VII with specificity if he asserts such a claim.   Accordingly, in this respect, Plaintiff's motion for leave to amend should be granted.

III.   Conclusion

Plaintiff seeks to further amend his Amended Complaint to add two Defendants, Tamulionis and Amoroso, and remove one Defendant, McDermed, and add counts for negligent hiring, retention and supervision and failure to train or maintain policies against Defendant Scott.   Plaintiff should be permitted to amend his Amended Complaint to add Tamulionis and Amoroso and remove Garylee McDermed as Defendants in this matter, except with respect to Plaintiff's Fifth Amendment claims against Tamulionis and Amoroso set forth in proposed Counts I and II.   As to the proposed two additional claims against Defendant Scott, Plaintiff's motion for leave to amend should be denied, because Plaintiff has failed to state a claim for negligent hiring, retention and supervision (proposed Count VI) and failure to train or maintain policies (proposed Count VII), and further amendment therefore would be futile.

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED:**

1.     That Plaintiff's Motion for Leave to File Second Amended Complaint
(Doc. 37) be **GRANTED in part and DENIED in part** as follows:

> a. As to proposed Counts I (Civil Rights against Defendant
> Tamulionis) and II (Civil Rights against Defendant Amoroso), the
> motion should be denied insofar as it attempts to state a claim
> pursuant to the Fifth Amendment, but Plaintiff should be
> permitted to pursue claims against these Defendants;
>
> b. As to proposed Count VI (Negligent hiring, retention and
> supervision against Defendant Scott), the motion should be
> denied as futile, because Plaintiff has failed to properly state a
> claim for negligent hiring, retention and supervision against
> Defendant Scott;
>
> c. As to proposed Count VII (Failure to train or maintain policies
> against Defendant Scott), to the extent that Plaintiff seeks to
> assert a claim for failure to train, the motion for leave to amend
> should be denied, because the subject of training is a discretionary
> function and, as such, the claim is barred by the doctrine of
> sovereign immunity and subject to dismissal;
>
> d. As to Defendant Garylee McDermed, the motion should be
> granted, he should be dismissed from this action and the Clerk

should be directed to terminate this Defendant and correct the

caption of the case accordingly;

      e.   In all other respects, the motion for leave to amend be granted.

    2.    That the Court accept and adopt this Report and Recommendation, and

permit Plaintiff to file a second amended complaint as set forth herein.

    **DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of September,

2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
The Honorable John E. Steele
United States District Judge

Counsel of record